

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**June 30, 2026 15:34**

By: JOHN F. GARSWOOD 0091434

Confirmation Nbr. 3899876

| | |
|---|---|
| UNIVERSITY HOSPITALS CLEVELAND MEDICAL CENTER | CV 26 141739 |
| vs. | |
| UNITED HEALTHCARE SERVICES, INC., ET AL. | **Judge:**  BRIAN MOONEY |

**Pages Filed:**  7

## IN THE CUYAHOGA COUNTY COURT OF COMMON PLEAS
### CIVIL DIVISION

| | |
|---|---|
| **UNIVERSITY HOSPITALS**     ) | CASE NO. |
| **CLEVELAND MEDICAL CENTER**   ) | |
| 11100 Euclid Avenue             ) | JUDGE |
| Cleveland, OH 44106             ) | |
|                        ) | **COMPLAINT** |
|          *Plaintiff,*      ) | |
|                        ) | |
| v.                       ) | |
|                        ) | |
| **UNITED HEALTHCARE**      ) | |
| **SERVICES, INC.**            ) | |
| c/o CT Corporation System     ) | |
| 1200 S. Pine Island Road      ) | |
| Plantation, FL 33324        ) | |
|                        ) | |
| and                    ) | |
|                        ) | |
| **JOHN DOE EMPLOYEE BENEFIT**  ) | |
| **PLAN**                 ) | |
|                        ) | |
|         *Defendants.*     ) | |

NOW COMES Plaintiff, University Hospitals Cleveland Medical Center ("UHCMC" "Plaintiff"), by and through counsel, and for its cause of action against Defendants, United Healthcare Services, Inc. ("UHC" "Defendant") and John Doe Employment Benefit Plan ("John Doe"), states as follows:

### I.    PARTIES

1. Plaintiff UHCMC was a not-for-profit corporation, registered in the State of Ohio, conducting business as a hospital and providing high-level care to the residents of Ohio.

2. Defendant United Healthcare Services operates as a third-party administrator for an unknown health benefit plan, selling, providing and doing business across the country, including substantial business for the residents of Ohio.

3. Defendant John Doe Employment Benefit Plan operates as an employee benefit plan that provided or may have provided health benefits relevant to the claims asserted herein and may be responsible, in whole or in part, for payment of the healthcare services at issue in this action.

## II.  JURISDICTION AND VENUE

4. Jurisdiction and venue are proper because the services were rendered in the County and Defendant transacts business in this County.

## III.  FACTUAL ALLEGATIONS

5. Plaintiff and Defendants entered into a contractual relationship governing reimbursement for healthcare services provided to Defendants' members. A copy of the contract is not attached hereto because it is in the possession of both Plaintiff and Defendants, is not publicly available, and contains confidentiality provisions. If necessary, a copy may be provided to the Court under seal.

6. The contractual agreement includes provider agreements, amendments, reimbursement schedules, compensation schedules, provider manuals, policies, procedures, authorizations, and related governing documents.

7. Patient, E.W. (Name truncated to protect PHI), is and was, at all times relevant, a Cuyahoga County resident.

8. E.W. was insured through their health plan issued by the Defendants.

9. E.W. assigned all benefits of their insurance plan to Plaintiff.

10. Plaintiff provided medically necessary inpatient healthcare services to patient E.W., an eligible member and/or beneficiary of Defendant's health insurance plan, from 09/01/2024 through 09/30/2024, further identified as patient account no. ********1134, and from 10/03/2024 through 10/31/2024, further identified as patient account no. *****2867.

11. Plaintiff rendered inpatient medical services in reliance upon Defendants' representations and contractual obligations.

12. Plaintiff submitted a claim for payment and otherwise complied with its obligations under the parties' contractual agreement.

13. Plaintiff submitted the eligible medical bills to Defendants in accordance with the contractual agreement. Copies of the applicable bills are not attached because they identify the patient and contain protected health information. If necessary, such records may be provided to the Court under seal.

14. Plaintiff submitted supporting documentation, medical records, appeals, reconsideration requests, and other materials requested by Defendant. Plaintiff exhausted all contractual, administrative, appeal, reconsideration, and pre-litigation remedies known to Plaintiff.

15. Plaintiff submitted an appeal to Defendant United Healthcare's appeals department through standard mail on 03/12/2026.

16. Defendant UHC denied Plaintiff's claim on or around 10/17/2024 citing a coordination of benefits issue with Plaintiff's Medicare Part A plan, despite UHC's awareness that E.W. had Medicare Part A which does not cover inpatient services.

17. E.W. updated their coordination of benefits information in accordance with UHC's request.

18. Defendant UHC denied the second appeal on or around 03/04/2026 stating that the claim required submission of an itemized bill.

19. Plaintiff submitted an additional appeal of the denial to United Healthcare Appeals Department via regular mail, including an itemized bill as per Defendant's request, on or around 03/12/2026.

20. Defendant UHC stated that the appeal could not be located on or around 04/07/2026.

21. Plaintiff submitted a second appeal to an alternate address specified by Defendant UHC on or around 04/07/2026.

22. Defendant UHC denied the appeal citing untimely filing on or around 04/11/2026.

23. Defendant purportedly denied payment for all or part of the claims at issue. Plaintiff disputes the factual and legal validity of any stated basis for denial.

24. Plaintiff alleges only that Defendants asserted certain reasons for denying payment. Plaintiff does not admit that Defendant's stated reasons for denial were factually accurate, contractually valid, legally sufficient, or otherwise proper.

25. Plaintiff expressly disputes any contention that it failed to satisfy claim submission requirements, documentation requirements, appeal requirements, reimbursement requirements, or conditions precedent to payment. To the extent Defendant contends otherwise, such assertions constitute affirmative defenses and disputed factual matters not admitted by Plaintiff.

26. Plaintiff has performed all conditions precedent to recovery under the parties' contractual agreement, or such conditions have otherwise occurred, been waived, excused, satisfied,

prevented by Defendant, or constitute affirmative defenses to be specifically pled and proven by Defendant.

27. Defendant's conduct, prior authorizations, claim handling activities, requests for information, acceptance of appeals, and course of dealing constitute waiver, estoppel, modification, excuse, prevention of performance, and/or other doctrines precluding reliance upon any alleged technical claim submission defense.

28. Defendant possesses, or has previously received, the claims authorizations, appeals, medical records, correspondence, claim adjudication records, and other documents relevant to this dispute.

29. Despite receiving the benefit of Plaintiff's services and despite receiving claims and supporting documentation, Defendant failed and refused to pay amounts due and owing.

30. As a direct and proximate result of UHC's conduct, Plaintiff has suffered damages in an amount due and owing under the parties' contractual relationship, together with interest and costs.

## IV. COUNT I – BREACH OF CONTRACT AGAINST UNITED HEALTHCARE

31. Plaintiff incorporates all prior paragraphs.

32. Plaintiff and Defendant are parties to a contractual relationship governing reimbursement for healthcare services.

33. Plaintiff performed its obligations under the parties' contract by providing healthcare services to Defendant's member E.W, submitting claims, providing supporting documentation, and participating in the claims review and appeal process.

34. Defendant breached its obligations under the parties' contract, including the provider agreement, amendments, provider manuals, reimbursement provisions, authorization provisions, and related governing documents, by failing and refusing to properly process, adjudicate, and reimburse Plaintiff for covered healthcare services rendered to Defendant's member.

35. Plaintiff suffered damages as a direct and proximate result of Defendant's breach.

36. Demands have been made upon Defendant to liquidate the balance; however, Defendant has failed to respond and do so accordingly.

## V.  COUNT II – UNJUST ENRICHMENT

37. Plaintiff incorporates all prior paragraphs.

38. Plaintiff conferred a benefit upon Defendant by providing healthcare services to E.W., a member of Defendant's healthcare insurance plan.

39. Defendant had knowledge of the benefit as UHC knowingly opted to deny the claim.

40. Defendant retained the benefit of Plaintiff's services without payment under circumstances where it would be unjust to do so without payment.

## VI.  COUNT III – DECLARATORY JUDGMENT

41. Plaintiff incorporates all prior paragraphs.

42. An actual controversy exists between the Plaintiff and the Defendants concerning their respective rights and obligations under the parties' contractual agreement.

43. The healthcare services at issue were covered services under the parties' contractual agreement.

44. Plaintiff seeks declaration that:

a.  The healthcare services at issue were covered services under the parties' contractual agreement;

b.  Plaintiff satisfied its contractual obligations and/or any conditions precedent to payment;

c.  Defendants improperly denied reimbursement for the services at issue; and

d.  Plaintiff is entitled to payment pursuant to the parties' contractual agreement.

45. A judicial declaration will terminate the uncertainty and controversy giving rise to this action.

WHEREFORE, Plaintiff, University Hospitals Cleveland Medical Center, respectfully requests this Honorable Court grant its judgment against Defendant, United Healthcare Services, Inc., in the amount of $89,161.46 and/or in the amount due and owing under the parties' contractual relationship, plus court costs, interest under Ohio's Prompt Payment law, and attorney's fees.

Very truly yours,

**DREYFUSS WILLIAMS & ASSOCIATES CO., L.P.A.**

By: */s/ John F. Garswood*
John F. Garswood (#0091434)
Michael T. Williams (#0059933)
6060 Rockside Woods Blvd. N., Suite 235
Independence, Ohio 44131-2375
Phone: (216) 241-5300
Fax: (216) 241-2735
Email: jfgarswood@dreyfuss.com
Email: mwilliams@dreyfuss.com
*Attorneys for Plaint,jf*